IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN LEE DISNEY,

        Plaintiff,                   No. CIV S-06-1323 MCE DAD P

    vs.

J.L. COBBS,

        Defendant.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's second amended complaint, filed on November 6, 2006.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6          A claim should be dismissed for failure to state a claim upon which relief may be
7  granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the
8  claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing
9  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651
10 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must
11 accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,
12 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable
13 to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.
14 411, 421 (1969).

15         Here, plaintiff alleges that defendants Warden Eddie Yslt, Jerry Brown, and
16 Lieutenant Jack Pulsher have failed to honor a contractual agreement made with plaintiff.
17 Plaintiff contends that he has made the following monetary contributions for the following
18 business ventures:  $2.5 million in 1974 for real estate; $180,000 in 1982 for the Prison Industrial
19 Authority; $180,000 to build an eating area for correctional staff; $120,000 in 1982 for buying
20 trash dumpsters; $2.5 million in 1983 to build a shooting range; $220,00 in 1982-83 for light
21 fixtures; and $160,000 for paint.  Plaintiff also contends that he was employed at the California
22 Medical Facility as a correctional sergeant and that he has not received the $50,000 due him.
23 Plaintiff claims that defendants have acted individually or in concert "to deliberately deprive
24 plaintiff of his imperative constitutional rights, in which was clearly established and well settled
25 [sic]."  (Compl. at 2.)  Plaintiff seeks ten million dollars as compensatory damages and an
26 /////

1 injunction "compelling defendants to provide to honor contract agreement, and provede [sic] the
2 plaintiff with a full pardon." (Id. at 3.)

3       The court finds that plaintiff has failed to state a cognizable claim.  Plaintiff is not
4 challenging the conditions of his confinement.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir.
5 1991) (holding that a civil rights action pursuant to 42 U.S.C. § 1983 is the proper mechanism
6 for raising a federal challenge to conditions of confinement).  Instead, plaintiff seeks monetary
7 damages to recover amounts allegedly due him in connection with various business ventures he
8 claims to have entered into with the named defendants.  Moreover, to the extent that plaintiff
9 seeks a pardon, this is not relief that can be granted in a § 1983 action.

10       On June 15, 2006, plaintiff filed a motion for leave to proceed in forma pauperis.
11 The motion should be denied because this civil rights action fails to state a civil rights claim
12 upon which relief may be granted in this court.  See 28 U.S.C. § 1915(e)(2).

13       Accordingly, IT IS HEREBY RECOMMENDED that:

14       1.  Plaintiff's June 15, 2006 motion to proceed in forma pauperis be denied; and

15       2.  This action be dismissed for failure to state a cognizable claim.

16       These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
18 days after being served with these findings and recommendations, plaintiff may file written
19 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
20 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
21 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
22 F.2d 1153 (9th Cir. 1991).

23 DATED: March 21, 2007.

DAD:4
disn1323.56

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

3